UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELMER L. MOORE,                )
                               )
        Petitioner,            )
                               )
    v.                         )    No. 3:13 CV 116
                               )
INDIANA ATTORNEY GENERAL,      )
                               )
        Respondent.            )

## OPINION and ORDER

Elmer L. Moore, a *pro se* prisoner, filed a habeas corpus petition attempting to obtain his immediate release from parole. He argues that it was wrong for him to have been arrested for a parole violation because he believes that he has completed his criminal sentence. However, before a federal court can consider a habeas corpus petition from a person in state custody, the petitioner must have previously presented the claim(s) therein to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, *Receveur v. Buss*, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate is seeking immediate release. *Lawson v. State*, 845 N.E.2d 185, 186 (Ind. Ct. App. 2006). Furthermore, if a state habeas corpus petition is improperly filed, it will be converted to a post-conviction

petition. *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); *Ward v. Ind. Parole Bd.*, 805 N.E.2d 893 (2004).

Here, Moore has not filed either of those petitions in state court. Indeed, it does not even appear that he has yet presented his arguments to the parole board during his parole revocation hearing. Therefore he has not exhausted his state court remedies.

For the foregoing reasons, this federal habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** pursuant to Section 2254 Habeas Corpus Rule 4.

**SO ORDERED.**

Date: March 5, 2013

s/James T. Moody
**JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT**